**STATE OF TEXAS, Petitioner,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents.**

No. 83–4542.

United States Court of Appeals, Fifth Circuit.

April 23, 1984.

Walter Davis, Asst. Atty. Gen., Austin, Tex., for petitioner.

H. Glenn Scammel, John J. Powers, III, John P. Fonte, U.S. Dept. of Justice, Washington, D.C., for respondents.

Hugh L. McCulley, Houston, Tex., for intervenor Southern Pacific Trans. Co.

Before RUBIN, JOHNSON and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Southern Pacific Transportation Company filed an amendment to a contract for transporting limestone within the State of Texas with the Texas Railroad Commission. It also filed a contract summary containing the information required by the ICC rules. The contract summary, which is available to the public, did not disclose the exact rates charged by Southern Pacific or the origin and destination of all movements. The contract contained the full terms of Southern Pacific's agreement with the limestone shippers, but this document was confidential. The Railroad Commission rejected the contract summary because it did not include all "essential terms of the contract,"[1] basing its action on the same interpretation of the Act adopted by the state's Rail Rate Board in a case involving a contract filed by Burlington Northern Railroad Company, decided by us today. *State of Texas v. United States*, 730 F.2d 409 (5th Cir.1984) (*Burlington Northern*).

Southern Pacific filed a petition with the ICC seeking reversal of the Railroad Commission decision, in accordance with the statutory procedure.[2] The ICC granted Southern Pacific's petition, finding that the Railroad Commission's rejection violated federal standards and procedures. Texas then sought judicial review.

Texas challenges the ICC action on essentially the same grounds considered by us in Parts V and VI of our opinion in *Burlington Northern*. It also challenges the ICC's exclusion of origins and destinations from the "essential terms" required to be included in the contract summary.

The ICC asserts that we lack jurisdiction over this petition insofar as it challenges the substantive validity of the ICC's contract rate rules. We rejected this contention in Part IV of *Burlington Northern*.

While, therefore, we take jurisdiction of this petition, for the reasons stated in *Burlington Northern*, we DENY it.

---

1. 49 U.S.C. § 10713(b) (Supp. V 1981).

2. 49 U.S.C. § 11501(c) (Supp. V 1981).